IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY, | Cause No. CV 22-120-M-DLC |
| Petitioner, | |
| vs. | ORDER |
| THE MONTANA SUPREME COURT, | |
| Respondent. | |

Tracey Godfrey, a state prisoner proceeding pro se, has filed a "Petition for Writ of Supervisory Control." (Doc. 1.) Godfrey alleges the Montana Supreme Court has prevented him from filing a habeas petition, in contravention of Art. II, § 19 of the Montana Constitution. *Id*. at 1. Godfrey asserts that this Court must order the Montana Supreme Court to grant him leave to file his state habeas petition and reinstate his original Persistent Felony Offender sentence. *Id*.

This Court is very familiar with Godfrey's state sentence and repeated challenges to the same. In 2014, Godfrey filed a petition for writ of habeas corpus in this Court; the petition was denied on the merits. See, *Godfrey v. Kirkegard*, No. CV 14-27-M-DLC (D. Mont. May 5, 2014). In the years that followed, despite being provided a full review of his claims and being advised of this Court's lack of jurisdiction to entertain a second or successive petition, Godfrey filed ten

1

successive challenges the same 2013 state court conviction.[1]  In 2020, Godfrey was advised that unless he contemporaneously filed an authorization from the Ninth Circuit permitting him to file a second/successive petition challenging his 2013 state court conviction and sentence, no future filings would be accepted.  See, *Godfrey v. Salmonsen*, Cause No. 20-132-M-DLC, Or. (D. Mont. Oct. 7, 2020).

Much like this Court, it appears the Montana Supreme Court has placed filing restrictions on Godfrey.  See, (Doc. 1-1 at 2)( 7/5/22 letter from Clerk of Montana Supreme Court advising Godfrey he was not granted leave to file).  It appears the document Godfrey was attempting to file in the Montana Supreme Court was yet another challenge to his underlying sentence.  See, (Doc. 1-1 at 4.) Godfrey cannot escape this Court' prior ruling preventing him from mounting continued challenges to his 2013 sentence by characterizing his filing as a "Petition for Writ of Supervisory Control," rather than a petition for habeas corpus relief.

Moreover, federal courts are courts of limited jurisdiction and possess only

---

[1] See, *Godfrey v. Kirkegard*, No. CV 14-164-M-DLC (D. Mont. June 12, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Kirkegard*, No. CV 14-190-M-DLC (D. Mont. June 20, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Montana*, No. CV 16-04-M-DLC (D. Mont. Jan. 19, 2016) (petition dismissed); *Godfrey v. Guyer*, No. CV 19-54-M-DLC (D. Mont. April 11, 2019) (petition dismissed for lack of jurisdiction as an unauthorized second/successive petition); *Godfrey v. State*, No. CV-19-69-M (D. Mont. April 22, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-86-M-DLC (D. Mont. May 13, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-202-M-DLC (D. Mont. Jan. 2, 2020) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-20-20-M-DLC (D. Mont. March 5, 2020)(dismissed for lack of jurisdiction); *Godfrey v. Salmonsen*, CV-20-114-M-DWM (D. Mont. Aug. 6, 2020)(dismissed for lack of jurisdiction; *Godfrey v. Salmonsen,* CV-20-122-M-DWM (D. Mont. Aug. 20. 2020)(Rule 60 motion denied).

that power authorized by the Constitution and federal statutes. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). As a court of limited jurisdiction, this Court has an obligation to dismiss claims for which there is a lack of subject matter jurisdiction. *Demarest v. United States*, 718 F. 2d 964, 965 (9th Cir. 1983); see also, *Attorneys Trust v. Videotape Computer Products, Inc*., 93 F. 3d 593, 594-95 (9th Cir. 1996). Federal district courts do not have appellate jurisdiction over state courts, whether by direct appeal, mandamus, or otherwise. See e.g., *Rooker v. Fid. Trust Co*., 263 U.S. 413, 425-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); see also, *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions").

Godfrey has not alleged any basis for federal jurisdiction. There is no federal question, see 28 U.S.C. § 1331, and he has not invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. This Court does not have appellate review or "supervisory control" over the Montana Supreme Court. In short, Godfrey's filing is frivolous and constitutes another attempt to obtain review of his 2013 state sentence.

This matter is dismissed. Absent authorization from the Ninth Circuit to file a second and/or successive petition, no further filings from Godfrey challenging

his 2013 state court sentence will be accepted. To the extent a certificate of appealability is required, it is denied. There is no doubt this Court lacks jurisdiction.

Accordingly, IT IS HEREBY ORDERED as follows:

1. This matter is DISMISSED for lack of jurisdiction. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

2. Unless Godfrey contemporaneously provides an authorization from the Circuit permitting a second/successive petition, the Clerk of Court shall accept no further filings from Godfrey challenging his 2013 state court conviction. If no authorization is provided, future documents from Godfrey will be discarded by the Clerk and will not be considered by the Court.

3. A certificate of appealability is DENIED.

4. This action is CLOSED. No further documents may be filed.

DATED this 13th day of July, 2022.

>*/s/ Dana L. Christensen*
>Dana L. Christensen
>United States District Court